# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANK V. THOMAS, JR., | ) |
| Petitioner, | ) ) ) |
| -vs- | )     Case No. CIV-13-578-F |
| ROBERT PATTON, Director, | ) ) ) |
| Respondent. | ) |

## ORDER

On April 2, 2015, United States Magistrate Judge Charles B. Goodwin issued a Report and Recommendation, wherein he recommended that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied.

Petitioner has timely objected to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of all objected to matters. Having concluded that review, the court concurs with the recommended ruling. The court concludes that petitioner's objections do not require reversal of the recommended ruling. In addition, the court finds it unnecessary to provide further analysis with respect to petitioner's 35 separate grounds for relief.

After the filing of petitioner's objection, petitioner filed a "Supplemental Notice of Conventional Filing" and "Supplemental State Court Record(s) & OCCA State Court Records." In the "Supplemental State Court Record(s) & OCCA State Court Records," petitioner states:

> On the 6th day of May, 2013, OCCA issued an "Order . . .", in which it took notice of Petitioner's "115-page post-conviction brief and 300 plus pages of attachments."

> On the 6th day of April, 2015, in response to matters in No. 15-6010, The United States Court of Appeals for the Tenth Circuit issued an Order related to Petitioner seeking a Writ of Mandamus in which the Western District Court['s] response was noted regarding reasons for delay which READ in part, "(1) the lengthy habeas petition, consisting of 225 pages with exhibits and asserting thirty-five claims."
>
> However, Petitioners habeas petition was well over "300 plus pages" as noticed above & filed the same in this Court previously along with forty-seven (47) new pages of said habeas petition of which hundreds of pages now appear unfiled, improperly excluded or missing for reasons unclear as "225 pages" are certainly less than "300 plus pages" & those initially submitted and filed & thus Petitioner resubmits the documents believed to be in question mentioned . . . ."

"Supplemental State Court Record(s) & OCCA State Court Records," (doc. no. 35), p. 1 (underlines omitted).

From a review of the "Supplemental State Court Record(s) & OCCA State Court Records" as well as the record in this action, it appears that most, if not all, of the documents submitted by petitioner were attached to petitioner's Application for Evidentiary Hearing, filed contemporaneously with the habeas petition on June 5, 2013. That application was denied by Magistrate Judge Goodwin in an order dated February 27, 2014. Doc. no. 19. As those documents were attached to the denied evidentiary hearing application rather than petitioner's habeas petition, those documents were not referenced in the court's response to petitioner's writ of mandamus. Moreover, it does not appear that those documents were included in Magistrate Judge Goodwin's review of petitioner's habeas petition. However, in

conducting its *de novo* review, the court has reviewed the documents attached to the evidentiary hearing application. The court, however, finds that those documents do not change the recommended ruling by Magistrate Judge Goodwin or the court's agreement with that ruling. Thus, the court concludes that Magistrate Judge Goodwin's Report and Recommendation should be affirmed.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Section 2253(c) of Title 28 of the United States Code instructs that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicate[s] which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253(c)(2) and (3). A petitioner can satisfy that standard by demonstrating "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation omitted). The court incorporates the deferential standard of 28 U.S.C. § 2254(d) in making its determination. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004).

Having considered the record in this case, the court concludes that petitioner has failed to make the required showing. The court therefore concludes that a certificate of appealability should be denied.

Accordingly, the Report and Recommendation issued by United States Magistrate Judge Charles B. Goodwin, filed April 2, 2015 (doc. no. 29), is **AFFIRMED**. Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas

Corpus by a Person in State Custody, filed June 5, 2013 (doc. no. 1) is **DENIED**. A certificate of appealability is also **DENIED**.

DATED May 6, 2015.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13-0578p003.wpd